UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00083-FDW

DAVID MEYERS,  )
                )
       Plaintiff,  )
                )
vs.             )  **ORDER**
                )
                )
CHRISTINA MIGOS-MIGOS, et al.,  )
                )
       Defendants.  )
_____ )

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4].

**I.    BACKGROUND**

Pro se Plaintiff David Meyers ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On or about June 5, 2023, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. [Docs. 1, 1-1]. Plaintiff names the followings prison officials as Defendants in their official capacities only: (1) Christina Migos-Migos, "NCDPS-NCDAC Chairman of Publication Review Committee;" (2) Bradeshawn Harris, "NCDPS-NCDAC Assistant Director;" (3) Publications Review Committee of NCDPS-NCDAC; (4) Todd Ishee, "NCDPS-NCDAC Secretary;" (5) Peter Buchholtz, "NCDPS-NCDAC Prisons;" (6) Joshua Sigmon; and (7) "NCDPS-NCDAC Prisons Inspector General." [Doc. 1 at 1-3].

By way of summary only, Plaintiff alleges as follows. Defendants illegally kidnapped Plaintiff from his Virginia prison on June 17, 2021, to execute a murder for hire assassination of

the Plaintiff. They kidnapped him and forced him to take a tuberculosis PPD skin test to which he is allergic. On April 23, 2023, the NCDAC Publication Review Committee banned/disapproved 5,000 books from certain categories. On April 27, 2023, Defendants robbed Plaintiff of his dictionaries, seven prison legal news publications, all books, all magazines, and three Qurans "by banning these education and religious books." Defendants refuse to allow Plaintiff to disinfect his cell or sweep or mop it. [Id. at 3-5].

Plaintiff failed to pay the filing fee or submit a motion to proceed in forma pauperis with his Complaint. As such, the Clerk mailed Plaintiff a Notice of Deficiency, advising Plaintiff that he must either pay the filing fee or file an application to proceed without prepayment of the filing fee ("IFP Application") within 21 days of the Clerk's Order. [Doc. 2]. On June 30, 2023, Plaintiff filed a completed IFP Application attesting to his indigency and also claiming to be in imminent danger. [Doc. 4]. Relative to his claim of imminent danger, Plaintiff claims that "Emily Baucom and the Defendants are marshalling NCDAC employees to kill [him]." [Doc. 4 at 1]. He also claims that he is in "imminent danger" because of the Defendants "banning and disapproving 5,000 publications and media freedom of the press … that inform [Plaintiff] on Russian military terrorist attacks, organized crime networks, and organized crime street gangs." [Id. at 2-3]. Plaintiff states that the Russian military is going to "commit a airstrike on [his cell] with guided missiles to assassinate [him] to prevent [his] litigation on the Russian military for war crimes and USA terrorist attacks and organized crime networks mass killings in USA." [Id. at 3-4]. Plaintiff also claims that Defendants refuse to let him "clean ECOLI germs and COVID 19 germs from [his] cell surfaces to enforce mind control over [him]." [Id. at 3].

II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this

2

Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020). In 2020, the Fourth Circuit held that Plaintiff has had three or more prior cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted. Meyers v. Comm'r of Soc. Sec. Admin., 801 Fed. App'x 90, 91 (4th Cir. 2020). A brief review of Plaintiff's litigation history in the Middle District of North Carolina and the Eastern and Western Districts of Virginia confirms that Plaintiff is subject to 28 U.S.C. § 1915(g). See, e.g., Meyers v. Brown, No. 2:20cv70 (E.D. Va.), Doc. 68 (collecting cases).

Plaintiff, therefore, must show that he is under imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "the imminent danger 'must exist at the time the complaint … is filed, not when the alleged wrongdoing occurred,' and the prisoner "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Meyers v. Clarke, 767 Fed. App'x 437, 439 (4th Cir. 2019) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Moreover, "allegations of imminent danger in the IFP application must have some nexus or relation to those of the underlying complaint." Meyers, 801 Fed. App'x at 96.

3

Recently, this Court dismissed a Complaint filed by Plaintiff where he sought to proceed without paying the filing fee because he "fail[ed] to plausibly allege any facts supporting" application of the imminent danger exception. [Case No. 123:cv-123-GCM, Doc. 7]. In that case, Plaintiff alleged a series of highly incredulous events he claimed were perpetrated by officials at Foothills Correctional Institution on April 27, 2023, after they "illegally re-kidnapped" Plaintiff. Plaintiff also vaguely claimed that "all" NCDAC inmates are threatening his life. [Id., id. at 4]. In dismissing Plaintiff's Complaint, the Court noted that "Plaintiff's past filings in this Court and others plainly demonstrate that Plaintiff is delusional and under no threat of imminent danger." [Id., id.].

Plaintiff here again fails to plausibly allege any facts supporting application of the imminent danger exception. Plaintiff continues to claim that prison officials are conspiring to kill and have kidnapped him. He now also claims that the Russian military is going to conduct a missile strike on his prison cell, that he is being denied publications to inform him of these plans, and that Defendants refuse to let him clean his cell to exert mind control over him. Nothing in these allegations "evidence[es] the likelihood of imminent serious physical injury.'" Meyers, 767 Fed. App'x at 439. Rather, they continue to evidence that Plaintiff is delusional. Because Plaintiff is subject to the requirements of § 1915(g), which he has not satisfied, the Court will dismiss Plaintiff's Complaint.

**Plaintiff is strongly cautioned that repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.**

### III.     CONCLUSION

In sum, the Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs will be denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's payment of the full filing fee pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4] is **DENIED**.

The Clerk is further instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

Signed: July 12, 2023

_____
Frank D. Whitney
United States District Judge